John P. Donohoe, J.
This petition for a judgment enjoining and restraining the respondent, the Putnam Valley Federation *375 of Teachers, and the agents, servants -and employees and all persons acting in concert with them, from taking any steps to conduct an arbitration regarding the unit placement of the school nurse pending the determination of this action, is granted.
In this proceeding, the petitioner, a central school district? sues to stay arbitration of a claim by the respondent that the school nurse is an employee covered by the employment contract which was entered into by the parties which became effective on September 6, 1972. The contract is not clear on this point. It says that the respondent is the recognized bargaining representative for “ All professional personnel excluding administrative staff such as the supervising principal and junior high principal, temporary personnel and per diem personnel ”. The answer which respondent submitted concedes that ‘ ‘ Respondent did not request recognition on behalf of the school nurse during the negotiations for the current agreement. Petitioner never declined such a request since it was never made ”.
The power to determine issues of representation status of local employees was vested in the Public Employment Relations Board in sections 205 to 207 of the Civil Service Law. Section 206 authorizes local governments to establish procedures for the determination of such disputes, but says further in subdivision 2 that£ 1 In the absence of such procedures, such disputes shall be submitted to the board in accordance with section two hundred five of this article ”.
The Public Employment Relations Board was thus cloaked with exclusive jurisdiction to determine whether the school nurse was covered by the agreement.