■ BOARD OF EDUCATION, SOMERS CENTRAL SCHOOL DISTRICT, Respondent, v SOMERS FACULTY ASSOCIATION, Appellant.—In a proceeding pursuant to CPLR article 75 to vacate a demand for arbitration and to stay arbitration, the appeal is from an order of the Supreme Court, Westchester County, dated December 13, 1974, which granted the application. Order reversed, on the law, with $20 costs and disbursements, proceeding dismissed on the merits, and the parties are directed to proceed to arbitration. The petitioner school board and the appellant teachers' association entered into a collective bargaining agreement which included a provision for permissive sabbatical leaves of absence with pay for teachers employed by the board (called "Professional Development Leaves" in the agreement). To implement this program and to aid the superintendent of schools to choose the best candidates, the agreement provided for the formation of a committee which would screen teachers submitting requests for such leaves and recommend those most fit for such leaves. The agreement also contained a comprehensive plan for the submission of complaints, called "grievances", to arbitration. The arbitrator's role was to be confined to an interpretation and application of the terms of the agreement and the written regulations of the board relating to matters which are subject to negotiation under the Taylor Law (Civil Service Law, art 14). Specifically excluded from the grievance procedures, however, was the decision of the committee in its selection of candidates for the sabbatical leaves. Two members of the appellant association applied for such leaves. Both members appeared before the committee and were approved for leaves commencing the coming summer. Thereafter, however, the board notified these successful applicants that the approval for the leaves was rescinded because of serious budgetary and financial problems. Thereafter, pursuant to the agreement, one of the said applicants filed a grievance, which was denied by the board on the basis that such a grievance was not subject to the grievance procedure contained in the contract. The demand for arbitration followed. The board then brought this

proceeding, which was granted on the ground that the contract specifically removed determinations upon applications for sabbatical leaves outside the realm of the grievance procedure. We note, with considerable emphasis, that it has been the policy of this State to promote labor peace and stability by the submission of labor disputes to binding arbitration (see *Matter of Associated Teachers of Huntington v Board of Educ., Union Free School Dist. No. 3, Town of Huntington,* 33 NY2d 229). Moreover, with respect to commercial arbitration there is a presumption of arbitrability, which extends even to the root issue, i.e., the decision as to the existence of an arbitrable question. So long as there is some question, whether that question be substantive or procedural, it is for the arbitrators to decide whether the issues should be submitted to arbitration or left for common-law litigation *(Matter of Long Is. Lbr. Co. [Martin],* 15 NY2d 380). The function of the court on this appeal is limited to ascertaining simply whether there is an arbitrable dispute, for, if such a dispute exists, whether tenable or not, it must be submitted to the arbitrator *(Matter of Fitzgerald [General Elec. Co.],* 19 NY2d 325, 329). " 'It is only where the parties have employed language which clearly rebuts [such] presumption of arbitrability, e.g., by stating that an issue either as to procedure or as to substance is *not* to be determined by arbitration, that the matter may be determined by the courts. In the absence of such unmistakably clear language * * * the matter is sent to the arbitrator for his determination on the merits' " (citing *Matter of Long Is. Lbr. Co. [Martin], supra).* Within this framework we find that the dispute before us is clearly within the realm of arbitration. We base this decision upon that part of the collective bargaining agreement which specifically provides for the setting of the grievance machinery in motion if a member of the appellant association has been treated contrary to established policy governing or affecting teachers. It cannot be disputed that the granting of sabbatical leaves to some qualified teachers is established policy within the scope of the agreement. If this were not so, the rather comprehensive provision contained therein with respect to sabbatical leaves would be rendered meaningless. Clearly, there is a distinction between the refusal on the part of the board to grant any sabbatical leaves because of financial matters, and the discretion vested in the selection committee in determining whether particular leave programs are *educationally sound. The latter is* not arbitrable in that the contract specifically removes such determination from the realm of the grievance procedure. The board's determination, on the other hand, which results in a default of its contractual obligation to grant sabbatical leaves to qualified applicants, may not be removed from the arbitration procedure under the guise of absolute discretion. To do so would be to vest the board with untrammeled authority to choose which clauses of the contract it will obey. This was not the intent of the parties; nor does the agreement lend itself to that interpretation. Thus, we hold that an arbitrable dispute does exist. Rabin, Acting P. J., Hopkins, Martuscello, Brennan and Shapiro, JJ., concur.