George D. Burchell, J.
This is a motion by petitioners to reargue a prior decision and order of this court dated May 15, 1975, in which the petitioners request to compel arbitration was denied. The petitioners seek arbitration to decide the issue of whether an employee of the respondent is covered under a collective bargaining agreement between CSEA and the Town of Wallkill. In this court’s decision of May 15, 1975, the court held that the question of whether the employee is covered by the contract is within the jurisdiction of the Public Employment Relations Board (hereinafter referred to as PERB). Pursuant to a decision of Mr. Justice Sweeny, PERB’s motion to appear as amicus curiae on the motion to reargue was granted. The court has received PERB’s memorandum of law and will consider the same for the purpose of reargument.
In its decision of May 15, 1975, this court relied upon the decision of Mr. Justice Donohoe (Matter of Putnam Val. Cent. School Dist. [Putnam Federation of Teachers], 75 Misc 2d 374). In the Putnam Valley case, the petitioners were seeking to stay arbitration by the union on the question of whether a school nurse was an employee covered by the employment contract of the teachers. The employment contract in Putnam Valley (supra), was vague as to the question of whether the school nurse was covered by the contract.
In the facts presented herein, the contract is ambiguous. It states that all employees are covered, but goes on to classify the employees into groups, none of which include a job description which covers the petitioner Jaroka’s employment. Also, as in Putnam Valley (supra), the issue before the court is the question of whether an employee is covered by an employment contract.
The court grants the petitioners’ motion to reargue and upon reargument vacates its prior decision. Further, the court respectfully disagrees with the decision of Mr. Justice Dono *1078 hoe in the Putnam Valley case. Section 205 of the Civil Service Law provides for the creation of PERB and outlines its powers. Section 207 further deliniates those powers. Generally, the function of PERB is to define negotiating units, to ascertain the employees choice of representative organization and certify employee organizations. Further, PERB may examine, establish procedures to prevent and conduct studies with regard to unfair labor practices. In effect PERB sits as the National Labor Relations Board, but in a limited fashion.
It is PERB’s function to determine issues of representative status of bargaining units, not whether a particular employee is covered by a contract. Subdivision 1 of section 206 of the Civil Services Law provides that the local governmental bodies shall establish procedures "to resolve disputes concerning the representative status of employee organizatiohs”. In the absence of such procedures, the disputes concerning representative status of employee organizations shall be submitted to PERB.
The question of whether the petitioner, Jar oka, is covered by the employment contract should be submitted to arbitration.
"We note, with considerable emphasis, that it has been the policy of this State to promote labor peace and stability by the submission of labor disputes to binding arbitration (see Matter of Associated Teachers of Huntington v Board of Educ., Union Free School Dist. No. 3, Town of Huntington, 33 NY2d 229) * * * So long as there is some question, whether that question be substantive or procedural, it is for the arbitrators to decide whether the issues should be submitted to arbitration or left for common-law litigation.” (Board of Educ., Somers Cent. School Dist. v Somers Faculty Assn., 48 AD2d 873, 874.)
Accordingly, the decision and order of this court is vacated and the relief sought by the petitioners is granted.