■ PEPSI-COLA METROPOLITAN BOTTLING COMPANY, INC., Doing Business as PEPSI-COLA BOTTLING GROUP, Appellant, v COLUMBIA-OXFORD BEVERAGES, INC., Respondent. — In a proceeding pursuant to CPLR 7503 (subd [b]) to stay

arbitration, the petitioner appeals from a judgment of the Supreme Court, Queens County (Bambrick, J.), dated March 1, 1983, which denied the application and directed the parties to proceed to arbitration. ¶ Judgment affirmed, with costs. ¶ The judgment denying petitioner's application for a stay and directing the parties to proceed to arbitration was in all respects proper. Contrary to petitioner's contention that the instant claim concerns a subject beyond the scope of the distributor agreement between the parties, we interpret the broadly worded arbitration clause in that agreement to extend to this dispute. The provisions of the CPLR relative to arbitration (CPLR art 75) cogently evince a legislative intent to encourage arbitration. In compliance therewith, the Court of Appeals has announced a policy of encouraging use of the arbitration forum by preventing parties to such agreements "from using the courts as a vehicle to protract litigation" (*Matter of Weinrott [Carp]*, 32 NY2d 190, 199). Broadly and generally phrased arbitration clauses should therefore be afforded the full import of their wording in order to implement the intention of the parties (*Matter of Weinrott [Carp]*, *supra*; *Matter of Praetorian Realty Corp. [Presidential Towers Residence]*, 49 AD2d 816, 817, affd 40 NY2d 897; *Bayly, Martin & Fay v Glaser*, 92 AD2d 850, 851, affd 60 NY2d 577). ¶ In the instant case, the respondent, Columbia-Oxford Beverages, Inc. (hereinafter Columbia), is engaged in the business of distributing carbonated beverages and syrups for carbonated beverages to retail outlets pursuant to the terms of a distributor agreement entered into by it with the petitioner on March 21, 1980. By its terms, the agreement is to expire on May 31, 1986. Columbia is a member of the New York Pepsi-Cola Distributors Association, Inc. (hereinafter the Association) which was authorized by the existing distributor signatories to negotiate the terms of the individual distributor agreements between petitioner and themselves. The distributor agreements state the terms and conditions under which petitioner sells its soft drink products in New York City through the individual members of the Association. The Association also negotiates on behalf of its membership with Local 812, Teamsters, the collective bargaining representative of the driver employees of individual distributors. Since 1968, petitioner has compensated the individual distributors for increased labor costs emanating from the industry pattern labor contracts. Subsequent to each labor contract in 1968, 1971, 1974, 1976 and 1978, representatives of the petitioner and the Association met for the purpose of calculating the amount of the commission increase reasonably required by the distributors to compensate for the increase in labor costs. As a result of such negotiations between petitioner and the Association, the distributors' commissions were increased by the amount agreed upon. This labor cost increase factor has become known as the "labor pass-through". ¶ The instant dispute concerning the labor pass-through factor surfaced after the execution of the current labor contract in the spring of 1981. After the labor agreement effective June 1, 1981 was executed, representatives of the petitioner and the Association met on numerous occasions, endeavoring to work out an agreement with respect to the labor pass-through. In contrast to prior negotiations, petitioner, in 1981, responded to the Association's demand for a pass-through of added labor costs by requesting countervailing concessions from the Association. Inasmuch as the parties had reached an impasse, the Association, in September, 1981, requested that the issue be submitted to arbitration and in January, 1982, it served a formal notice of intention to arbitrate. Thereafter petitioner applied for a stay of arbitration and by order dated June 10, 1982, its application was granted on the ground that petitioner and the Association were not bound by any agreement to arbitrate as to each other. The court further noted, however, that petitioner was "of course, obligated to arbitrate with the Individual Distributors on those matters covered by the Distributor

Agreement". ¶ On or about September 13, 1982, Columbia served petitioner with a notice of intent to arbitrate a dispute arising under the parties distribution agreement. Petitioner then commenced the instant proceeding to stay arbitration, alleging that a valid agreement to arbitrate the alleged dispute had not been made. Special Term denied the application, finding that a dispute regarding compensation is a subject related to the interpretation, application or performance of the distributor agreement. Accordingly, the arbitration clause of Columbia's distributor agreement, which, with certain exceptions not relevant here, explicitly extends to "[a]ny and all disputes between the parties", was deemed applicable. ¶ The law is clear that the function of courts in ascertaining whether or not a particular dispute should be submitted to arbitration is somewhat circumscribed. As set forth by the Court of Appeals: "Basically the courts perform the initial screening process designed to determine in general terms whether the parties have agreed that the subject matter under dispute should be submitted to arbitration. Once it appears that there is, or is not a reasonable relationship between the subject matter of the dispute and the general subject matter of the underlying contract, the court's inquiry is ended. Penetrating definitive analysis of the scope of the agreement must be left to the arbitrators whenever the parties have broadly agreed that any dispute involving the interpretation and meaning of the agreement should be submitted to arbitration" (*Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co.,* 37 NY2d 91, 96). ¶ We conclude that the requisite "reasonable relationship" between the subject matter of the dispute and the distributor agreement clearly exists such that the submission of this matter to arbitration was proper. In view of the strong presumption in favor of the arbitrability of disputes in the commercial sector and the tenet that doubts with respect to arbitrability should be resolved in favor of coverage (see *Rapid Armored Truck Corp. v Local 807 Armored Car Div. Pension Fund,* 88 AD2d 434, 441, mot for lv to app den 58 NY2d 602; *Board of Educ. v Somers Faculty Assn.,* 48 AD2d 873), the judgment denying petitioner's application for a stay of arbitration must be affirmed. Gibbons, J. P., O'Connor, Weinstein and Niehoff, JJ., concur.