VmoBrrT A. Massi, J.
The narrow issue presented in this case is whether there is an existing contract between the parties so as to require arbitration of a dispute in accordance with its arbitration provisions.
The parties to this litigation entered into a collective bargaining agreement on June 12,1970, which by its terms was to expire on March 30, 1973. On May 16, 1972, defendant served written notice of its intention to terminate the then existing agreement at the end of its term. Thereafter on January 24, 1973, plaintiff served notice upon defendant that it desired to terminate the contract at its expiration date, and that it had designated a bargaining agent for the negotiation of a new contract. The notice purported to be sent pursuant to subdivision (d) of section 8 of the National Labor Relations Act (U. S. Code, tit. 29, § 158, subd. [d]), which requires a 60-day written notice as a prerequisite to the termination or modification of a collective bargaining agreement. Pursuant to section 8 (subd. [d], par. [4]) of the act this exchange of notices would have terminated the contract at the end of the 60 days after plaintiff’s notice. The continuance of the employment and negotiations beyond that period, without strike or lockout, would not have served to bind the parties to the terms and conditions of the contract (Procter & Gamble Ind. Union v. Procter & Gamble Mfg. Co., 312 F. 2d 181, cert. den. 374 U. S. 830).
In this case, however, the parties agreed otherwise. Section 87 of the contract provides: ‘ ‘ Sixty days prior to the expiration *915 of this Contract either party hereto may give to the other party notice of desire to change the terms thereof. Negotiations shall be immediatély entered into and proceed with all due diligence. If an agreement has not been reached by the date upon which the Contract expires, conditions prevailing prior to the expiration of this contract shall be maintained until an agreement is reached or other action is authorized by the I.T.U. or by the Publisher signatory hereto of its agent.”
It is clear from the above-quoted paragraph of the agreement that, where a 60-day written notice is given, the agreement is to remain in full force and effect until a new agreement is reached or some other action is authorized by defendant’s parent union or the publisher. There is no proof of any other action having been authorized by either. Consequently the agreement remains in effect until such “ other action ” is authorized or an agreement reached.
Defendant’s contention that the first sentence of the paragraph relates only to a modification of terms is refuted by the very language used. It is not limited to a change in one or several terms of the agreement, but is broad enough to cover all the terms of the contract and therefore the making of an entirely new agreement.
The provision in question is not to be construed in a vacuum. It should be borne in mind that we are not dealing with the usual commercial agreement where upon its termination the parties go their separate ways. Rather we are here concerned with a labor agreement where both sides contemplate and desire the employer-employee relationship to continue. Moreover such agreements are negotiated with the National Labor Relations Act in mind and where, as here, the parties saw fit not to make a distinction between termination and modification as subdivision (d) of section 8 does, the conclusion is inescapable that no distinction was intended or in fact made.
For the reasons stated judgment is awarded in favor of plaintiff. A 10 days’ stay of the arbitration proceeding is granted, so as to allow for an application to the Appellate Division for a further stay in the event an appeal is contemplated.
Settle judgment.