NEW YORK TIMES COMPANY, Respondent, *v.* NEW YORK TYPO-GRAPHICAL UNION No. 6, Affiliated with INTERNATIONAL TYPO-GRAPHICAL UNION, AFL-CIO, et al., Appellants.

First Department, January 4, 1974.

*John J. Sheehan* for appellants.

*John R. Schoemer, Jr.,* of counsel (*John D. Canoni* and *Peter C. Gould* with him on the brief; *Townley, Updike, Carter & Rodgers,* attorneys); for respondent.

STEUER, J. Plaintiff, as employer, in 1970 entered into a collective bargaining agreement with the defendant union. The contract had as its expiration date March 30, 1973. On May 16, 1972, the defendant sent a notice to plaintiff stating: "This letter is to inform you that we wish to terminate the existing agreement which expires on March 30, 1973." The letter goes on to say that the union is preparing to negotiate a new contract. On January 24, 1973, the plaintiff sent a letter to defendant stating: "Pursuant to Section 8 (d) of the National Labor Relations Act, as amended, this will notify you that The New York Times Company desires to terminate, in accordance with its terms, the current Collective Bargaining Agreement between The New York Times Company and New York Typographical Union No. 6 at its expiration on March 30, 1973." The letter

also states that the company has designated a bargaining agent for a new contract.

No new contract has been entered into. On September 3, 1973, plaintiff notified defendant that it desired to arbitrate certain alleged breaches of the agreement. These alleged breaches were claimed to have occurred after the expiration date of the contract, and defendant refused to arbitrate. This action was thereupon begun, seeking an injunction against any strike or other work stoppage and directing the arbitration to proceed.

Concededly plaintiff's rights depend solely on the contract of March 31, 1970. If that contract terminated on its expiration date there is no agreement between the parties providing for arbitration. Plaintiff contends that the contract by its terms survived the expiration date despite the notices sent. We disagree.

At the outset, it is not disputed that either party and, a fortiori, both parties, could elect to terminate the agreement at its expiration, and that if they did the agreement between them would be at an end. It is further incontestable — and in fact not contested — that if they did so desire the two letters above quoted expressed such an intent. Plaintiff, however, claims despite this no termination was effected.

The grounds for this contention are that the parties contemplated a continued relationship and in fact the employees continued to work for the stipulated pay for the same hours as provided for in the contract. The contract provided (§ 87) that upon giving 60 days' notice either party may seek a change in the terms of the contract. Upon the giving of such notice both agreed to negotiate forthwith; and if no agreement were reached by the expiration date of the contract the contract would be maintained until agreement was reached or other action was authorized.

We do not regard the two notices sent by the parties as notices pursuant to this section of the contract. No change in the terms of the contract is sought. No provision for negotiations prior to the expiration of the contract is suggested. The only mention of negotiations is for an entirely new contract, as to which neither party committed itself in advance. No immediate negotiations contemplated by the section were demanded by either party. It could not be more clear that neither party intended that its notice was in fulfillment of section 87.

We understand that Federal labor law prevails in a matter of this description (U. S. Code, tit. 29, § 185; *Teamsters Local* v. *Lucas Flour Co.*, 369 U. S. 95). But we find no distinction from the above conclusions in Federal law. There, as here, arbitration

is a matter of contract and, short of agreeing thereto, no one can be compelled to arbitrate (*Steelworkers* v. *Warrior & Gulf Co.*, 363 U. S. 574, 582). There, as here, an unequivocal notice of termination ends the contract (*M. K. & O. Tr. Lines* v. *Division No. 892,* 319 F. 2d 488). And the fact that an employer-employee relationship continues does not extend the terms of the contract (*Procter & Gamble Ind. Union of Port Ivory, N. Y.* v. *Procter & Gamble Mfg. Co.*, 312 F. 2d 181).

The judgment entered in New York County (VINCENT A. MASSI, J.) on October 15, 1973, should be reversed, the judgment vacated and the complaint dismissed on the facts and the law, with costs.

CAPOZZOLI, J. (dissenting). The collective bargaining agreement entered into by the parties, which was to expire on March 30, 1973, contains a broad no-strike provision and an arbitration clause and provides further in section 87 thereof as follows: " Sixty days prior to the expiration of this Contract either party hereto may give to the other party notice of desire to change the terms thereof. Negotiations shall be immediately entered into and proceed with all due diligence. *If an agreement has not been reached by the date upon which the Contract expires, conditions prevailing prior to the expiration of this contract shall be maintained until an agreement is reached or other action is authorized by the I. T. U.* or by the Publisher signatory hereto or its agent." (Emphasis supplied.)

It is undisputed both that an agreement was not reached by the expiration date and that no other action was authorized by the defendant's parent union (the International Typographical Union) or the publisher. In fact, it is alleged and not disputed that the I. T. U. has refused to concur in the position taken by the defendant union herein.

Under the circumstances, we are of the opinion that the conditions prevailing prior to the expiration of the contract continued, including the no-strike and arbitration provisions in issue.

The majority does not regard the notices sent by the contracting parties as having been sent pursuant to the paragraph of section 87, quoted above. We disagree. We are in accord with the view taken by MASSI, J., at Special Term, who stated in pertinent part as follows: " The provision in question is not to be construed in a vacuum. It should be borne in mind that we are not dealing with the usual commercial agreement where upon its termination the parties go their separate ways. Rather we are here concerned with a labor agreement where both

sides contemplate and desire the employer-employee relationship to continue. Moreover such agreements are negotiated with the National Labor Relations Act in mind and where, as here, the parties saw fit not to make a distinction between termination and modification as Section 8(d) does, the conclusion is inescapable that no distinction was intended or in fact made."

It is helpful to note the language in the decision of Justice SARAFITE in granting a preliminary injunction against defendants: "It is interesting to note that the union's position in regard to the Time's termination letter is directly opposite to the position taken by it in an arbitration matter with the Long Island Star-Journal in 1968. In that instance, the union wrote the termination letter, and it was the publisher's contention that such termination letter precluded a similar section 87 from becoming operative. In the opinion of the Impartial Chairman of the Board of Arbitration, the union's letter of termination did not prevent the terms and conditions of the contract from existing beyond the termination date of March 30, 1967, and held that the conditions prevailing prior to the expiration of the contract were to be maintained until a new agreement was reached or other action was taken by the union or publisher."

Under the circumstances disclosed in the record, we would affirm the judgment appealed from.

NUNEZ and MURPHY, JJ., concur with STEUER, J.; CAPOZZOLI, J., dissents in an opinion in which STEVENS, P. J., concurs.

Judgment, Supreme Court, New York County, entered on October 15, 1973, reversed, on the law and on the facts, and vacated, and the complaint dismissed. Defendants-appellants shall recover of plaintiff-respondent $40 costs and disbursements of this appeal.