■ In the Matter of the Arbitration between SALLY JENNINGS, Appellant, and ST. ELIZABETH HOSPITAL, Respondent.—Judgment unanimously affirmed, without costs. Memorandum: Petitioner appeals from a judgment dismissing her petition to compel arbitration (CPLR 7503, subd [a]) and granting respondent summary judgment. On April 9, 1975 petitioner, a

registered professional nurse, was discharged from her position at respondent's hospital. Her termination resulted from her alleged violation of hospital procedures on April 4, 1975 relating to the identification of newborn infants. Petitioner is a member of the New York State Nurses Association (Association) which was the exclusive bargaining representative for registered nurses employed by the hospital. In 1972 a collective bargaining agreement, setting forth a grievance procedure culminating in arbitration, was executed by the Association and the respondent. The agreement provided that it may be terminated on September 14, 1973 or on any subsequent September 14 by the written notice of either party of intent to modify or terminate it, delivered to the other not later than the preceding July 14. The contract also states, "Notice of intent to modify will be equivalent to notice of intent to terminate." On June 20, 1973 the Association sent a notice of intent to modify the agreement to the respondent pursuant to the termination clause. Accordingly, it must be concluded that the contract expired on September 14, 1973. A clear notice of termination ends the agreement (*M. K. & O. Tr. Lines v Division No. 892,* 319 F2d 488). Despite the fact that the dispute arose subsequent to the expiration of the agreement, petitioner maintains that respondent is bound to arbitrate on the ground that its other terms and conditions have been followed since its termination. We disagree. The duty to arbitrate is founded solely upon an agreement to do so (*Steelworkers v Warrior & Gulf Co.,* 363 US 574, 582; *Matter of Howard & Co. v Daley,* 27 NY2d 285, 289; *Matter of Reese v Lombard,* 47 AD2d 327, 332). Absent such an agreement or a provision in the expired contract which would extend its terms until a new contract is executed, respondent may not be directed to arbitrate (cf. *New York Times Co. v New York Typo. Union No. 6,* 76 Misc 2d 913, revd 43 AD2d 231, revd 34 NY2d 555). Although, as petitioner points out, "[t]he duty to arbitrate a dispute arising during the term of the agreement survives the expiration thereof" (*Matter of International Assn. of Machinists, AFL-CIO, Lodge 2116, [Buffalo Eclipse Co.],* 12 AD2d 875, affd 9 NY2d 946) arbitration should not be mandated where the dispute follows the termination of the contract (*Proctor & Gamble Ind. Union of Port Ivory v Proctor & Gamble Mfg. Co.,* 312 F2d 181, 186, cert den 374 US 830; *Matter of Eisen,* 191 Misc 662, app dsmd 84 NYS2d 698). (Appeal from judgment of Oneida Supreme Court—arbitration.) Present—Cardamone, J. P., Simons, Mahoney, Dillon and Goldman, JJ.