INTERNATIONAL UNION OF ELECTRICAL, RADIO AND MACHINE WORKERS, AFL–CIO, an unincorporated labor organization, Plaintiff,

v.

WESTINGHOUSE ELECTRIC CORPORATION, Defendant.

United States District Court
S. D. New York.
March 24, 1964.

Lieberman, Katz & Aronson, New York City, for plaintiff; Isadore Katz, New York City, of counsel.

Cravath, Swaine & Moore, New York City, for defendant; John H. Morse, New York City, of counsel.

McLEAN, District Judge.

This is an action under Section 301(a) of the Labor Management Relations Act of 1947 (29 U.S.C. § 185(a)), by a union against an employer to compel arbitration of grievances arising under

a collective bargaining agreement between the parties. Plaintiff moves for summary judgment.

Sixty-five grievances are involved, some of which are similar in nature. By treating similar grievances as one, the 65 are reduced to 29. The employer is unwilling to arbitrate any of them. The contract provides that in this situation the issue of arbitrability is to be determined by the court.

■ Two questions are presented: (1) are the grievances of a type which come within the arbitration clause in the contract, (2) if so, is arbitration nevertheless prevented by a separate "exclusion" clause. As to the first question there is no serious dispute. The contract provides for arbitration of grievances which involve "the interpretation, application or claimed violation of a provision" of the agreement. In every instance the union has asserted that the acts giving rise to the grievance constituted a violation of a contract provision. In some instances this complaint seems farfetched. But whether a violation exists is a question for the arbitrator, not for the court. The fact that a claim of violation may seem to the court to be frivolous is not a ground for denying the arbitration to which the parties have agreed. United Steelworkers v. American Manufacturing Co., 363 U.S. 564, 80 S.Ct. 1343, 5 L.Ed.2d 1463 (1960).

It is the second question which is important here, whether grievances of these particular types have been excluded from the scope of the arbitration clause, despite the fact that they involve claims of violation of a contract provision. Defendant relies on Section XIV–A D which provides:

"Notwithstanding any other provisions of this Agreement, no arbitrator shall, without specific written agreement of the Company and the Union with respect to the arbitration proceeding before him, be authorized to:

(1) Add to, detract from, or in any way alter the provisions of this Agreement * * *;

(2) Establish or modify any wage or salary rate, job classification or classification of any employe * *;

(4) Make any award involving any matter relating to any pension and/or insurance agreement between the parties * * *."

■ Many of the grievances involve claims which, if decided by an arbitrator in favor of the union, might reasonably be expected to result in an award of a type which the arbitrator is forbidden by Section XIV–A D to make. But the fact that the arbitrator is forbidden to make a specified type of award does not necessarily mean that the arbitrator has no jurisdiction to hear and determine the grievance. Conceivably, the arbitrator might devise an award which is not forbidden by the contract.

■ There is a direct conflict between the New York courts and the federal courts on the significance, as far as arbitrability is concerned, of a restriction upon the award-making power of an arbitrator. In Carey v. Westinghouse Electric Corporation, 11 N.Y.2d 452, 230 N.Y.S.2d 703, 184 N.E.2d 298 (1962), reversed on other grounds, 375 U.S. 261, 84 S.Ct. 401, 11 L.Ed.2d 320 (1964), the New York Court of Appeals held, with respect to this very clause in this very contract, that Section XIV–A D deprived the arbitrator of jurisdiction, for "[t]o submit such a grievance to arbitration now would be an idle gesture, as no valid award could be made." (11 N.Y.2d at 456, 230 N.Y.S.2d at 705, 184 N.E.2d at 300). The federal courts in this circuit have reached the opposite result, also with respect to this same clause in this same collective bargaining agreement. In International Union of Electrical, Radio and Machine Workers v. Westinghouse Electric Corporation, 218 F.Supp. 82 (S.D.N.Y.1963), affirmed, 326 F.2d 758 (2d Cir. 1964), it was held that although, under Section XIV–A D, the arbitrator lacked power to make a specified award, he nevertheless had jurisdiction to hear and determine the griev-

ance.* In reaching this result, the court followed Carey v. General Electric Company, 315 F.2d 499 (2d Cir. 1963) which had compelled arbitration in the face of a substantially similar exclusionary clause. Clearly I am bound by these decisions which require me to hold that the words used in Section XIV–A D do not, in themselves, amount to such a clear and unequivocal exclusion as to take these grievances out of the arbitration clause.

Defendant contends that the history of the bargaining which preceded the execution of the agreement shows that the parties in fact intended that there should be no obligation to arbitrate grievances involving claims of the type described in Section XIV–A D. Defendant has submitted a voluminous affidavit on this subject to which are appended numerous extracts from the minutes of the collective bargaining sessions kept by a company representative. Defendant's position is that this parol evidence is admissible as an aid to the construction of Section XIV–A D and that, even though the union may dispute this evidence, a question of fact is thereby raised which can be determined only after a trial on the merits and that consequently, summary judgment must be denied. The union, on the other hand, contends that parol evidence cannot be considered and hence that summary judgment is an appropriate remedy.

International Union of Electrical, Radio and Machine Workers v. Westinghouse Electric Corporation, supra, is not determinative on this question, for no parol evidence was offered there. The district court did say, however, that the fundamental question of whether, within the intent of the parties to the agreement, certain grievances were excluded from the arbitrator's jurisdiction was to be determined "by the clause itself, viewed in the context of the entire agree-

ment" (218 F.Supp. at 88). The court pointed out that it was not concerned with an action to reform a contract. Similarly, in the present case, no claim for reformation is asserted.

The Court of Appeals has recently reversed a judgment of the district court which denied a petition of a union to compel arbitration under a collective bargaining agreement. The court directed that the petition be granted. Local 12298, District 50, United Mine Workers of America, et al. v. The Bridgeport Gas Company, 328 F.2d 381 (2d Cir. 1964).

It is apparent from the dissenting opinion that the district court had considered parol evidence of bargaining negotiations preceding the contract. Although the opinion of the court does not discuss the point, the holding seems to amount to a determination that the parol evidence was inadmissible, for the court rested its decision on the provision of the contract itself, without reference to any bargaining history. The court repeated the rule which it had previously announced in Procter & Gamble Independent Union v. Procter & Gamble Mfg. Co., 298 F.2d 644 (2d Cir. 1962). It said (328 F.2d p. 383):

"In order to exclude from arbitration a dispute which on its face appears to be encompassed by the arbitration clause, the collective agreement must contain a clear and unambiguous exclusionary clause or some other term 'that indicates beyond peradventure of doubt that a grievance concerning a particular matter is not intended to be covered by the grievance and arbitration procedure set forth in the agreement.' Procter & Gamble Independent Union of Port Ivory, N. C. v. Procter & Gamble Mfg. Co., 298 F.2d 644, 646 (2 Cir. 1962)."

The court also pointed to statements in the opinion in United Steelworkers v.

---

* Apparently only subdivisions (1) and (2), not also subdivision (4), of paragraph D were before the court in this case. This makes no difference, however, in the scope of the decision, for the court treat- ed subdivisions (1) and (2) as though they, like subdivision (4), in so many words prevented the making of "any award" of the type specified in those subdivisions.

Warrior & Gulf Nav. Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960), saying (328 F.2d p. 384):

"Here the company has presented no 'forceful evidence of a purpose to exclude the claim from arbitration,' and we decline to become 'entangled in the construction of the substantive provisions of a labor agreement, even through the back door of interpreting the arbitration clause, when the alternative is to utilize the services of an arbitrator.' United Steelworkers of America, A. F.L.–C.I.O. v. Warrior & Gulf Nav. Co., supra, 363 U.S. at 585, 80 S.Ct. [1347] at 1354, 4 L.Ed.2d 1409."

Defendant urges that the parol evidence in the Bridgeport Gas Company case was different from the parol evidence that it desires to offer here. It argues that in Bridgeport Gas, the bargaining history related, in part at least, to the merits of the various grievances, whereas here it pertains solely to the question of arbitrability. As authority for its admissibility, defendant relies upon Pacific Northwest Bell Telephone Co. v. Communication Workers of America, 310 F.2d 244 (9th Cir. 1962), which held that parol evidence of bargaining history pertaining only to the issue of arbitrability should have been accepted.

■■ This decision of the Court of Appeals of another circuit is not necessarily controlling here. The decision seems contrary to the implications, if not to the explicit holding, of Bridgeport Gas. Every indication is that in this circuit the rule is that the question of exclusion from an otherwise applicable arbitration clause is to be determined from the contract alone, and that unless the contractual exclusionary clause indicates "beyond peradventure of doubt" that the grievance is not to be arbitrated, arbitration must be directed. There is nothing in the opinion of the court in Bridgeport Gas which would lead one to believe that parol evidence of any sort should be received.

■ Considered as an original proposition, such a rule has the merit of eliminating, or at least materially reducing, litigation and delay. United Steelworkers v. Warrior & Gulf Nav. Co., supra, and Carey v. General Electric Company, supra, clearly announce a policy in favor of prompt disposition of grievances by arbitration, in the interest of industrial peace. This policy would be seriously impaired if it were necessary to take conflicting testimony at a full-scale trial on the issue of the parties' intent, despite the fact that the collective bargaining agreement itself did not clearly express an intent to exclude a grievance from arbitration.

■ A party who opposes arbitration has "a heavy burden." Local 12298, etc. v. The Bridgeport Gas Company, supra, at p. 384 of 328 F.2d It seems reasonable to require that if he is to sustain that burden, he do so by writing clear exclusionary language into the contract itself. If the parties actually intend to remove certain kinds of grievances from the jurisdiction of the arbitrator, it is a simple matter to say so, thereby eliminating any need for a protracted controversy over disputed questions of fact.

Once the door to parol evidence is open, it becomes difficult to draw the line between evidence which relates to the merits of the grievances and evidence which relates to arbitrability. Often the two issues are intermingled so that the evidence might well relate to both, or the evidence may be such that it could be said with as much plausibility to relate to one issue as to the other. Arbitration of grievances should not be forced to await the resolution of such perplexing questions by a court after a trial. I decline, therefore, to follow Pacific Northwest Bell Telephone Co. v. Communication Workers of America, supra, because (1) its holding seems to be at variance with the approach to this question of arbitrability which the Supreme Court and the Court of Appeals for the Second Circuit have adopted, and (2) on principle, assuming the question to be still open in this court, the view of the Court of Appeals for the Ninth Circuit seems to me

 

calculated to lead to results which are undesirable in the field of labor management relations.

Defendant opposes the arbitration of one grievance on the ground that the subject matter of the grievance falls within the jurisdiction of the National Labor Relations Board. The Supreme Court has recently held that this is not a valid basis for opposing arbitration. Carey v. Westinghouse Electric Corporation, 375 U.S. 261, 84 S.Ct. 401, 11 L.Ed. 2d 320 (1964). See also: Carey v. General Electric Company, supra.

Plaintiff's motion for summary judgment is granted.

So ordered.