■ In the Matter of LOCAL UNION 1567, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL-CIO, Respondent, v ORANGE AND ROCKLAND UTILITIES, INC., Appellant. — In a proceeding to compel arbitration of the issue of the discharge of two union members, the appeal is from a judgment of the Supreme Court, Rockland County (Stolarik, J.), dated November 3, 1983, which granted the application and denied appellant's cross application for an order staying arbitration.

Judgment affirmed, with costs.

The expiration date set forth in the parties' prior collective bargaining agreement was June 1, 1983 and the new agreement was not executed by the parties until August 1, 1983. In the interim, appellant had discharged two union members for alleged misconduct during a strike by employees. The union commenced this proceeding to compel appellant to arbitrate the subject discharges under the broad arbitration clause of the new collective bargaining agreement. Appellant contends that Special Term erred in granting the union's application because there was no agreement to arbitrate the subject disputes.

Since the duty to arbitrate is wholly contractual, courts have held that arbitration is not mandated where the dispute between the parties arose after the expiration of a collective bargaining agreement and prior to the execution of the new agreement (see *Procter & Gamble Ind. Union v Procter & Gamble Mfg. Co.*, 312 F2d 181, 186, cert den 374 US 830; *Matter of Jennings* [*St. Elizabeth Hosp.*], 54 AD2d 607; *Matter of Eisen*, 191 Misc 662, app dsmd 84 NYS2d 698; accord *International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers v Kroger Co.*, 411 F2d 1191). However, in this case, the fact the grievances arose while there was no agreement to arbitrate in existence is not determinative. Section 1 of article XIV of the new collective bargaining agreement provides that "[t]his agreement shall become effective JUNE 1, 1983, and shall remain in effect until JUNE 1, 1986". Similar language has been interpreted to give retroactive effect to a collective bargaining agreement (see *Buffalo Police Benevolent Assn. v City of Buffalo*, 114

Misc 2d 1091, 1093; *Matthews v Jeremiah Burns, Inc.,* 205 Misc 1006, 1013). Furthermore, there is no language in the parties' agreement that specifically exempts the arbitration clause from the duration provisions in article XIV. Nor is there language which clearly manifests an intent to exclude the subject discharges from the scope of the broad arbitration clause.

The rule, in the field of labor relations, is that controversies arising between the parties to a collective bargaining agreement fall within the scope of a broad arbitration clause unless the parties have employed language which clearly manifests an intent to exclude a particular subject matter (see *Matter of Acting Supt. of Schools [United Liverpool Faculty Assn.],* 42 NY2d 509, 512; *Matter of Howard & Co. v Daley,* 27 NY2d 285, 289-290; *Matter of Long Is. Lbr. Co. [Martin],* 15 NY2d 380, 385; see, also, *Procter & Gamble Ind. Union v Procter & Gamble Mfg. Co.,* 298 F2d 644, 646). Absent exclusionary language, parol evidence of the bargaining history of the parties or the unilateral understanding of one of the negotiators to the agreement is not admissible to prove an intent to exclude the subject dispute from the scope of the arbitration clause (see *International Union v Westinghouse Elec. Corp.,* 218 F Supp 82, affd 326 F2d 758; *International Union v Westinghouse Elec. Corp.,* 228 F Supp 922; cf. *Strauss v Silvercup Bakers,* 353 F2d 555, 558).

Consequently, Special Term correctly concluded that there was an agreement to arbitrate the issue of the subject discharges (see *Buffalo Police Benevolent Assn. v City of Buffalo, supra*). Mollen, P. J., Gibbons, Weinstein and Rubin, JJ., concur.