## (December 11, 1972)

HILDA ALPERT, as Executrix of MITCHELL ALPERT, Deceased, et al., Respondents-Appellants, v. FRANK BANNON et al., Doing Business as EDGEWOOD TERRACE, Appellants-Respondents. HILDA ALPERT, as Executrix of MITCHELL ALPERT, Deceased, et al., Appellants, v. FRANK BANNON et al., Doing Business as TERRACE EDGEWOOD PARK ASSOCIATES, Respondents.— In two actions, each *inter alia* to compel the two surviving partners of a separate partnership to liquidate assets and for an accounting, the parties appeal variously from (1) an order-judgment of the Supreme Court, Nassau County, entered December 15, 1971 in the first above-entitled action (the order-judgment [a] granted the defendants' motion for summary judgment dismissing the complaint and granting defendants specific performance upon their counterclaim, but only insofar as the motion sought relief against plaintiff Hilda Alpert, and [b] denied plaintiffs' cross motion for summary judgment) and (2) an order of the same court, dated December 14, 1971 and made in the second above-entitled action, which granted defendants' motion for summary judgment dismissing the complaint and denying plaintiffs' cross motion for summary judgment. The appeals in the first action are as follows: Defendants appeal from so much of the order-judgment entered December 15, 1971 as failed to grant their motion for summary judgment insofar as such relief was sought against plaintiff Carol Brodsky; plaintiff Hilda Alpert cross-appeals from the order-judgment in its

entirety; and plaintiff Carol Brodsky cross-appeals from so much of the order-judgment as failed to grant plaintiffs' motion for summary judgment insofar as it was made by her. The appeals in the second action are by both plaintiffs from the order dated December 14, 1971. Order in the second above-entitled action, dated December 14, 1971, affirmed. Order-judgment in the first above-entitled action modified, on the law, by adding thereto a decretal paragraph granting defendants' motion for summary judgment insofar as the motion sought relief against plaintiff Carol Brodsky dismissing her complaint and granting defendants specific performance against said plaintiff upon defendants' counterclaim. As so modified, order-judgment affirmed and case remitted to the Special Term for entry of an amended judgment in accordance with this determination. Defendants are granted one bill of $10 costs and disbursements against both plaintiffs jointly. On May 7, 1963, Mitchell Alpert and George Brodsky, respectively the testators of plaintiffs, and Frank Bannon and Herman Alpert, the defendants herein, entered into a written agreement which created the partnership known as Edgewood Terrace, to last until April 30, 1988, unless terminated earlier pursuant to the agreement. Paragraph 11 of the agreement contains a provision whereby, upon the death of any partner, the survivors would have the right to purchase the interest of the decedent in the partnership and in a certain corporation all the capital stock of which was owned by the partners. The paragraph provides a procedure by which the purchase price shall be determined. On November 10, 1969 Mitchell Alpert died and the three survivors, George Brodsky, Frank Bannon and Herman Alpert, timely exercised their option under the contract. Thereafter, on December 31, 1969, George Brodsky died and the survivors, the defendants herein, Frank Bannon and Herman Alpert, exercised their option under the agreement and gave notice of their intention to purchase Brodsky's interest. We disagree with the conclusion of the Special Term that defendants could not exercise the option to "buy out" the interest of George Brodsky when he died. While the death of Mitchell Alpert may have dissolved the partnership as a matter of law (Partnership Law, §§ 60, 62), it did not automatically terminate the agreement as to the three surviving partners. A reading of the agreement and an examination of the actions of defendants and Brodsky following the death of Mitchell Alpert indicate an intention to continue the enterprise and to continue to be bound by the "buy out" provision of the agreement. We do agree with the Special Term that, as a result of the exericse of the option under paragraph 11 of the partnership agreement, defendants and plaintiff Carol Brodsky, as executrix of the estate of George Brodsky, are liable to plaintiff Hilda Alpert, as the executrix of the estate of Mitchell Alpert, for the amount indicated in the judgment. However, once that is completed the defendants are entitled to "buy out" plaintiff Carol Brodsky, as the executrix of the estate of George Brodsky. In so doing they will, however, be obligated to pay both for Brodsky's original interest in the partnership and the portion of Mitchell Alpert's interest which Brodsky's estate will acquire pursuant to the judgment herein. With respect to the second above-entitled action, the papers establish that the defendant partnership therein — Terrace Edgewood Park Associates — was superseded by the defendant partnership in the first above-entitled action herein — Edgewood Terrace — and therefore defendants' motion for summary judgment in the second action was properly granted. Rabin, P. J., Munder, Martuscello, Latham and Shapiro, JJ., concur.