■ In the Matter of the Arbitration between NATIONAL BANK OF NORTH AMERICA et al., as Executors and Trustees of HERBERT HAAR, Deceased, et al., Respondents, and PAUL LEVY, Appellant.—In a proceeding pursuant to CPLR article 75 to stay arbitration, the appeal is from a judgment of the Supreme Court, Nassau County, entered January 31, 1979, which permanently stayed arbitration with respect to Herbert Haar, Ltd., and awarded all petitioners costs in the proceeding. The appeal brings up for review an order of the same court, dated October 12, 1977, which granted a stay as to all petitioners except Herbert Haar, Ltd., as to which a trial was directed. Judgment modified, on the law, by adding to the first decretal paragraph thereof, immediately after the words "permanently stayed", the following: "except that arbitration shall proceed against Herbert Haar, Ltd. for the employment period prior to January 1, 1977, which period was covered by the written arbitral clause in the employment contract then in effect". As so modified, judgment affirmed, with costs to

appellant. Given the circumstances, it was an abuse of discretion for Special Term to have permitted petitioner to assert the Statute of Frauds for the first time six months after trial. Nevertheless, the evidence sustains the finding that no valid agreement, oral or written, was executed extending appellant's prior written employment contract so that the arbitration clause therein is inapplicable. Fairmoor Coat & Suit Corp., as a nonparty to the arbitration agreement, may not be compelled to arbitrate, although we do not reach the question of whether it may be derivatively liable. Hopkins, J. P., Rabin, O'Connor and Weinstein, JJ., concur.