■ JAMES O'BRIEN, Appellant, v BACHE HALSEY STUART SHIELDS, INCORPORATED, et al., Respondents. — Appeal by plaintiff from an order of the Supreme Court, Nassau County, dated August 12, 1980, which granted defendants' motion to compel arbitration of plaintiff's claim for damages arising out of his direction to sell 5,000 troy ounces of silver. Order reversed, with $50 costs and disbursements, and matter remitted to Special Term for further proceedings consistent herewith. On or about September 20, 1979, plaintiff purchased 5,000 troy ounces of silver at $16.15 per troy ounce from defendant Bache Halsey Stuart Metal Co., Inc. (Bache Metal). Bache Halsey Stuart Shields, Incorporated (Bache) brokered this transaction. Plaintiff and Bache Metal signed a "sales contract" containing a clause providing for arbitration of "Any controversy or claim arising out of or in connection with the making of this agreement, or its performance or breach". According to plaintiff, on or about February 25, 1980 he instructed Bache to sell the silver "immediately upon the price of same declining below $30.00 per troy ounce". Bache agreed. On March 10, 1980 the silver was sold to Bache Metal at the price of $26.50 per troy ounce. Thereafter, Bache Metal signed and sent to plaintiff a "purchase contract" dated March 10, 1980. It contained an arbitration clause identical to that set forth in the sales contract. However, plaintiff did not sign the March 10, 1980 purchase contract. Plaintiff then commenced an action in the Supreme Court, Nassau County, against Bache and Bache Metal seeking $17,500 in damages for the alleged violation of his sale instruction. The application to compel arbitration followed. As there is a substantial question on this record whether a valid agreement to arbitrate was made, Special Term erred in granting defendants' motion to compel arbitration without directing a trial of this issue (see CPLR 7503, subd [a]). The arbitration agreement included in Bache Metal's purchase contract form did not become part of the contract of sale unless plaintiff expressly agreed to it (see *Matter of Marlene Inds. Corp. [Carnac Textiles]*, 45 NY2d 327). Given the prior sales contract, which also contained an arbitration clause and which was expressly agreed to by the plaintiff, there is sufficient evidence in the record concerning the parties' course of dealings to raise a substantial question as to the making of an agreement to arbitrate (see *Michel & Co. v Anabasis Trade,* 50 NY2d 951; *Schubtex, Inc. v Snyder, Inc.,* 49 NY2d 1). We are aware that Bache never signed either contract. However, Bache's signature on the arbitration agreement is not required " 'so long as there is other proof that the parties actually agreed on it' [citation omitted]" (see *Crawford v Merrill Lynch, Pierce, Fenner & Smith,* 35 NY2d 291, 299). The arbitration clause itself is broadly phrased ("making of this agreement"). In addition, both contracts contain apparent references to the involvement of a Bache employee as broker. Therefore, a hearing is required. Finally, it seems that plaintiff's dispute is with Bache, and not Bache Metal, for violation of their brokerage agreement. Thus, even if Bache Metal and plaintiff actually agreed to arbitrate any controversy between them arising out of the sale, there may well be no such dispute. However, because the instant application is solely one to compel arbitration, we do not pass on the viability of plaintiff's action against Bache Metal. Mangano, J.P., Cohalan, O'Connor and Weinstein, JJ., concur.