OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Plaintiff signed a partnership agreement with the law firm of Kreindler, Relkin, Olick & Goldberg in December, 1972. That agreement contained a clause requiring the submission to arbitration of any controversy arising out of or relating to the agreement. Plaintiff Ti'ow seeks to stay arbitration of his claim against the successor firm of Kreindler, Relkin & Goldberg for an accounting and damages.
It is true that the original partnership dissolved upon Olick’s withdrawal in 1974 (see Partnership Law, § 60) *938 and no written agreement was executed by the new partnership’s members up to the time that plaintiff departed in 1979. The Appellate Division found, however, that the members of the successor firm treated the 1972 agreement as binding and continuing in effect. This conclusion is amply supported by the record.
It is undisputed that the 1972 agreement contained a broad and unequivocal arbitration provision. By treating that agreement as continuing in force after the dissolution of the original partnership, the members of the successor partnership demonstrated their intention to be governed by that agreement’s arbitration clause (see Matter of LevinTownsend Computer Corp. v Holland, 29 AD2d 925; Alpert v Bannon, 40 AD2d 988; see, generally, 8 Weinstein-Korn-Miller, NY Civ Prac, par 7501.40). Since the parties agreed to arbitration, it follows that all further issues concerning plaintiff’s claim are for the arbitrator to resolve.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed, with costs, in a memorandum.