OPINION OF THE COURT
Memorandum.
The order of the Appellate Division, insofar as appealed from, should be reversed, with costs, and the application for a stay of arbitration denied.
*667 Contrary to the determination of the Appellate Division majority, questions concerning the existence or terms of an alleged settlement or modification agreement between the parties are to be resolved in arbitration. Plaintiff, as subcontractor, entered into five written contracts with defendants for certain construction work. After a dispute arose concerning performance under the contracts, representatives of plaintiff and defendants met in an attempt to resolve their differences. Defendants contend that the parties reached an agreement at a meeting on March 21,1979 and seek to enforce it in arbitration. Plaintiff maintains otherwise, noting that the draft agreement proposed by it as reflecting the March 21 discussion was rejected by defendants.
There can be no dispute that the parties chose the arbitration forum for resolution of their disputes. In. each of the five written contracts, the parties agreed that “[a]ll disputes arising out of this Contract, its interpretation, performance or breach, shall be submitted to arbitration”. These broad provisions encompass all disputes arising out of the contracts, including those relating to subsequent agreements concerning obligations under the original contracts. Indeed, this court only recently made clear that “[o]nce the parties to a broad arbitration clause have made a valid choice of forum, as here, all questions with respect to the validity and effect of subsequent documents purporting to work a modification or termination of the substantive provisions of their original agreement are to be resolved by the arbitrator” (Matter of Schlaifer v Sedlow, 51 NY2d 181, 185; cf. Matter of Black & Pola [Manes Organization], 50 NY2d 821). Thus there is no basis for staying arbitration of the parties’ dispute concerning the alleged March 21 agreement. Of course, whether evidence concerning the negotiations of March 21,1979 will be admissible is a question for the arbitrator to determine. Finally, public policy is not offended by submission of this dispute to arbitration.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
Order, insofar as appealed from, reversed, etc.