STANLEY TICKER et al., Appellants, v STANLEY TRAGER et al., Respondents. In the Matter of STANLEY TRAGER, Respondent, v STANLEY TICKER, Appellant. — Consolidated appeals from (1) an order of the Supreme Court, Westchester County (Ferraro, J.), entered October 1, 1982, which granted defendant Stanley Trager's application to compel arbitration, and (2) a judgment of the Supreme Court, Westchester County (Donovan, J.), dated September 28, 1983, which confirmed an arbitration award in Trager's favor in the sum of $130,796.25.

Order and judgment affirmed, with one bill of costs.

Stanley Ticker, Stanley Trager, and another individual, one Murray Wolf, entered into a written partnership agreement on July 6, 1964. This agreement contained a broad arbitration clause. Subsequently, on December 28, 1970, another written instrument was executed providing for the retirement of Mr. Wolf. Stanley Ticker and Stanley Trager agreed to continue their accountancy partnership as equal partners. In March, 1982, Ticker commenced suit against Trager seeking to compel a partnership accounting and effectuate a dissolution. Ticker further sought reimbursement for moneys alleged to be due and

owing from Trager for the amount paid by Ticker in excess of his proportionate share of expenses incurred in maintaining the office which they shared. Trager moved to compel arbitration of all disputes existing between the parties pursuant to the 1964 partnership agreement. Ticker opposed this application, claiming that the execution of the instrument in 1970 terminated the prior partnership as well as the agreement forming it. Ticker further claimed that when Trager incorporated himself in 1979, a dissolution of the partnership occurred by operation of law. It was, therefore, asserted that there was no document in existence authorizing arbitration.

Outside the scope of compulsory arbitration, it is clear that "[n]o one is under a duty to resort to arbitration unless by clear language he has so agreed" (see *Matter of Lehman v Ostrovsky,* 264 NY 130, 132). However, it is just as clear that "[o]nce the parties to a broad arbitration clause have made a valid choice of forum, as here, all questions with respect to the validity and effect of subsequent documents purporting to work a modification or termination of the substantive provisions of their original agreement are to be resolved by the arbitrator" (see *Matter of Schlaifer v Sedlow,* 51 NY2d 181, 185; *Inryco, Inc. v Parsons & Whittemore Constrs. Corp.,* 55 NY2d 666, 667). Hence, Special Term properly directed the parties to proceed to arbitration despite Ticker's contention that the partnership had been dissolved by execution of a subsequent agreement. Ticker's argument that when defendant Stanley Trager incorporated himself, the resulting change dissolved the partnership by operation of law (see Partnership Law, § 60) is also without merit. The record reveals that the parties " 'by their conduct have treated the [1964] agreement as an on-going continuous agreement' * * * Even assuming that there is an issue as to termination of the agreement by statutory dissolution of the partnership, due to change in makeup of the partnership, this is an issue for the arbitrators and not for the courts" (see *Matter of Vann v Kreindler, Relkin & Goldberg,* 78 AD2d 255, 258, 260, affd 54 NY2d 936).

Finally, Ticker's challenge to the arbitrator's award was properly rejected. On this record it cannot be said that the findings of the arbitrator were " 'complete[ly] irrational' " (see *Matter of Lentine v Fundaro,* 29 NY2d 382, 383), or that the arbitrator exceeded or improperly executed his powers (see CPLR 7511, subd [b], par 1, cl [iii]). Thompson, J. P., O'Connor, Niehoff and Boyers, JJ., concur.