■ CYNTHIA A. ZIMMERMAN, Individually and as Executrix of BERTRAM ZIMMERMAN, Deceased, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant.—In a negligence action to recover damages for conscious pain and suffering and wrongful death, defendant appeals from an order of the Supreme Court, Queens County (Durante, J.), dated November 30, 1984, which denied its motion for summary judgment.

Order affirmed, without costs or disbursements, and without prejudice to renewal upon completion of discovery.

Defendant's failure to make a prima facie showing that summary judgment is warranted in its favor "requires denial of the motion, regardless of the sufficiency of the opposing papers" *(Winegrad v New York Univ. Med. Center,* 64 NY2d 851, 853). Furthermore, plaintiff has alleged that essential facts have not been produced pursuant to discovery requests. Gibbons, J. P., Bracken, Kunzeman and Kooper, JJ., concur.

■ In the Matter of ROBERT L. DAWSON, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent dismissing the petitioner from his employment, petitioner appeals from a judgment of the Supreme Court, Queens County (Lerner, J.), dated December 8, 1983, which dismissed the proceeding.

Judgment affirmed, without costs or disbursements.

Petitioner was hired as a cleaner by respondent New York City Transit Authority on or about March 15, 1982, with a probationary period to last one year. In accordance with the rules of the New York City Personnel Director, petitioner's probationary status was automatically extended because of his absence from work for 59¾ days. This court need not determine whether the 7¾ sick days for which defendant was paid should have been counted toward the extension or not, because, even disregarding those days, petitioner was discharged during the legitimate extension of his probationary period *(cf. Matter of Glisson v Steisel,* 96 AD2d 83). The discharge was based upon petitioner's unsatisfactory performance, as evidenced by several cautions during the extension of his probation. Thus, there was a rational basis for the discharge, and no hearing was required *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222; *Matter of Talamo v Murphy,* 38 NY2d 637). Gibbons, J. P., Bracken, Kunzeman and Kooper, JJ., concur.