■ In the Matter of TOWN OF MAMARONECK, Appellant, v BYRON ELECTRIC COMPANY, INC., Respondent.—In a proceeding pursuant to CPLR article 75 to permanently stay arbitration, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Donovan, J.), entered September 16, 1987, which dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with costs, and the petitioner's application to permanently stay the arbitration is granted.

The genesis of the instant dispute lies in a contract for the renovation of a municipal building between the Town of Mamaroneck (hereinafter the petitioner) and Byron Electric

Co., Inc. (hereinafter the respondent). The respondent claimed that the petitioner breached the contract and served a demand for arbitration on the petitioner. The petitioner timely applied to permanently stay the arbitration (see, CPLR 7503). The respondent argued that the petitioner waived its right to move for a stay of arbitration by participating in the arbitration proceedings. In the alternative, the respondent contended that the contract required the parties to arbitrate. The court found that the contract required that the parties arbitrate the dispute and denied the petitioner's application. We reverse.

The petitioner did not waive its right to move for a stay of arbitration. Unlike each of the cases relied upon by the respondent wherein the party which opposed arbitration interposed its objection after it participated in the arbitration proceedings (see, Matter of National Cash Register Co. [Wilson], 8 NY2d 377, 382; Matter of Home Mut. Ins. Co. v Springer, 130 AD2d 493; Matter of Standard Steel Section v Royal Guard Fence Co., 62 AD2d 1040, lv denied 45 NY2d 707; Matter of Boston Old Colony Ins. Co. [Martin], 34 AD2d 776), in this case the petitioner's application for a stay preceded its involvement in the proceedings (e.g., the selection of the arbitrators). In addition, in its correspondence with the American Arbitration Association the petitioner consistently and explicitly reserved its rights.

Moreover, there was no explicit and unequivocal agreement to arbitrate (Matter of Waldron [Goddess], 61 NY2d 181). In fact, the provision in the contract that called for arbitration of disputes between the parties was specifically deleted by a supplemental agreement. Thus, the petitioner may not be compelled to arbitrate (see, Matter of Waldron [Goddess], supra). Mollen, P. J., Thompson, Bracken and Kunzeman, JJ., concur.