■ VINCENT LONGABARDI et al., Respondents, v JAMES C. GHERARDI, Appellant, et al., Respondent.—In a proceeding pursuant to CPLR article 75 to compel arbitration and to stay related proceedings, James C. Gherardi appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (I. Aronin, J.), dated December 15, 1987, as granted the petition.

Ordered that the order is affirmed insofar as appealed from, with costs.

The appellant James C. Gherardi is the owner of certain real property which is leased to The Restaurant at Hamilton House, Inc. (hereinafter Hamilton House), a corporation wholly owned by Gherardi until June 10, 1986, when the petitioners Vincent and Concetta Longabardi purchased 50% of its outstanding stock for the total price of $400,000. The lease between Gherardi and Hamilton House does not contain an arbitration clause. The shareholders' agreement between the Longabardis and Gherardi provides, "If any disagreement shall arise in connection with this Agreement, whether before or after the closing, such disagreement shall be promptly settled by arbitration". Pursuant to the shareholders' agreement, the $400,000 purchase price of the stock was to be spent on equipment and services needed to open the restaurant. After the $400,000 was spent, capital contributions were to come from the shareholders relative to their ownership of stock.

On November 2, 1987, Gherardi sought eviction of Hamilton House for nonpayment of rents due between February 15, 1987 and October 1, 1987, amounting to a total of $97,307.32.

The Longabardis responded by sending a letter to Gherardi

stating that if rent had to be paid, then pursuant to the shareholders' agreement, Gherardi, as 50% owner, would be liable for one half of it. They requested that Gherardi contribute $30,000 into corporate funds. Gherardi does not deny refusing to tender the funds.

The petitioners sought, *inter alia,* to compel arbitration and stay the landlord-tenant proceeding pursuant to CPLR 7503 (a). Vincent Longabardi claimed that Gherardi had agreed to defer the first year's rent. He argued that his refusal to both defer the rent and tender the $30,000 were disputes arising under the shareholders' agreement and thus subject to its broad arbitration clause.

Initially, we note that Gherardi has stated in his brief that "The rights of all parties [would be] fully protected by temporarily staying the landlord-tenant proceeding pending a decision by the arbitrators on petitioners' claim that the shareholders of Hamilton House are required to make an additional capital contribution". Thus, Gherardi has, in essence, conceded that a stay of the landlord-tenant proceeding would be appropriate and that the dispute regarding the need for capital contributions should be submitted to arbitration.

However, contrary to Gherardi's contention, the issue of the alleged deferment of rent should also be considered by the arbitrator since it is reasonably related to the subject matter of the shareholders' agreement which contained a broad arbitration clause *(see, Matter of Denihan [Denihan],* 119 AD2d 144, *affd* 69 NY2d 725; *Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co.,* 37 NY2d 91; *Pepsi-Cola Metro. Bottling Co. v Columbia-Oxford Beverages,* 100 AD2d 868). Lawrence, J. P., Rubin, Eiber and Balletta, JJ., concur.