SCHENKERS INTERNATIONAL FORWARDERS, INC., Respondent, v GERHARD MEYER, Appellant.

First Department, January 8, 1991

APPEARANCES OF COUNSEL

*Victoria A. Cundiff* of counsel *(Meredith H. Savitt* with her

on the brief; *Milgrim Thomajan & Lee, P. C.,* attorneys), for respondent.

*David J. Rowland* of counsel *(Rowland & Associates,* attorneys), for appellant.

## OPINION OF THE COURT

RUBIN, J.

Respondent sought to compel arbitration (CPLR 7503 [a]) with respect to the propriety of petitioner's termination of his employment pursuant to a contract containing a broad arbitration provision. Petitioner sought to stay arbitration (CPLR 7503 [b]), contending that the contract had expired according to its terms. The contract, which specifies an initial five-year period of employment terminating December 31, 1984, provides: "this Agreement shall automatically be renewed for an additional three (3) years unless terminated * * * upon written notice * * * which must be delivered six months prior to the respective date of renewal." It is uncontroverted that no notice of termination was given and that the agreement was automatically extended until December 31, 1987. Respondent takes the position that the employment contract was automatically renewed for yet another three-year period based upon petitioner's failure to give timely notice of termination prior to the December 31, 1987 expiration date. Petitioner, however, contends that the contract provides only for a single automatic renewal and expired according to its terms on that date. Therefore, no notice was required to be given to effect the termination of the employment contract.

Upon this appeal, the parties raise the issue of whether the question of termination is to be decided by the court or by the arbitrator. Petitioner contends that it may not be compelled to proceed to arbitration because the contract containing the arbitration provision has expired. The general rule is that a party may not be "forced into arbitration and, thus, denied the procedural and substantive rights otherwise available in a judicial forum, absent evidence of an express intention to be so bound" *(Schubtex, Inc. v Allen Snyder, Inc.,* 49 NY2d 1, 6; *Matter of Marlene Indus. Corp. [Carnac Textiles],* 45 NY2d 327, 333-334). Respondent, on the other hand, maintains that expiration of the contract is precisely the question at issue and that it must be submitted to arbitration. As this court stated the rule, "whether the contract containing the arbitration clause had been terminated, is an issue to be determined

in arbitration" *(Matter of Popular Publ. [McCall Corp.],* 36 AD2d 927, 928, *lv denied* 29 NY2d 483). In deciding the applications before it in favor of petitioner, Supreme Court relied on *Matter of Waldron (Goddess)* (61 NY2d 181, 185) in which the Court of Appeals held that an arbitration provision in an expired employment contract was ineffectual even though the employee seeking to compel arbitration continued to work for the employer.

The various propositions which have been advanced in this case are all quite valid, and resolution of this appeal turns upon which proposition is applicable to the circumstances reflected in the record. Upon a motion pursuant to CPLR 7503, the court must first make a determination whether the parties have entered into a valid arbitration agreement *(O'Brien v Bache Halsey Stuart Shields,* 80 AD2d 846) and, if so, whether the issue sought to be submitted to arbitration falls within the scope of that agreement *(Matter of County of Rockland [Primiano Constr. Co.],* 51 NY2d 1, 7). Where the intention to arbitrate a particular matter is equivocal, a party may not be compelled to proceed to arbitration *(Crimmins Contr. Co. v City of New York,* 74 NY2d 166, 171; *Matter of Stigwood Org. [Atlantic Rec. Corp.],* 83 AD2d 123, 126-127).

In the matter under review, it is clear that the parties entered into a valid arbitration agreement. It is equally clear that, if the employment agreement remains in effect, the dispute between the parties is encompassed within the contract's broad arbitration clause which extends to "[a]ny controversy or claim arising out of or relating to this Agreement" *(Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co.,* 37 NY2d 91, 95-96). Supreme Court determined, however, that the contract does not remain in effect and, pursuant to *Matter of Waldron (Goddess) (supra),* that the expired employment agreement imposes no obligation upon petitioner to arbitrate the dispute.

The operative criterion in deciding a case of this type is the existence of a valid issue with respect to termination of the underlying agreement. In *Waldron (supra),* termination of the employment agreement was not at issue. In a case which stands in stark contrast to *Waldron,* however, the Court of Appeals held that, even where an agreement containing an arbitration provision had terminated by operation of law, arbitration was nevertheless to be compelled because the parties treated the agreement as though it were still in effect *(Matter of Vann [Kreindler, Relkin & Goldberg],* 54 NY2d

936). Thus, it can be seen that where, as in *Waldron (supra)*, expiration of the underlying agreement is not subject to dispute, arbitration may not be compelled pursuant to its terms *(Matter of Jennings [St. Elizabeth Hosp.]*, 54 AD2d 607, *lv denied* 40 NY2d 809). Where, however, as in *Vann (supra)*, the record presents a substantial question whether an underlying agreement containing a broad arbitration clause has been terminated, the issue is for the arbitrator to determine *(Matter of Popular Publ. [McCall Corp.]*, supra).

Applying these principles to the instant proceeding, the decisive factor is whether it can be said, as a matter of law, that the agreement containing the arbitration provision has been terminated, thus precluding arbitration *(Matter of Jennings [St. Elizabeth Hosp.]*, supra). The termination provision of the subject contract is ambiguous. While expressly providing for only one three-year renewal period, it proceeds to recite that notice of termination "must be delivered six months prior to the *respective* date of renewal" (emphasis added). The use of the word "respective" is clearly incongruous. Therefore, respondent's position—that the agreement contemplates the automatic renewal of his employment for successive three-year periods—is not entirely without foundation. This conclusion is supported by a letter dated August 12, 1987 sent by petitioner to respondent which states, "As you were previously informed, Schenkers will not be renewing our employment agreement at the December 31, 1987 expiration date."

The pleadings raise a valid issue with respect to termination of the agreement which must be referred to arbitration *(Brown v V & R Adv.*, 112 AD2d 856, 861, *affd* 67 NY2d 772; *Matter of Popular Publ. [McCall Corp.]*, supra).

■ Accordingly, the judgment (denominated order/judgment) of the Supreme Court, New York County (Francis N. Pecora, J.), entered June 28, 1989 which granted petitioner's motion to stay arbitration and denied respondent's cross motion to compel arbitration, should be reversed, on the law, the motion denied and the cross motion granted, with costs. The appeal from Supreme Court's order denying respondent's motion to reargue (denominated a motion to renew and reargue) entered on June 28, 1989 is dismissed. No appeal lies from the denial of a motion to reargue *(Snyder v Parke, Davis & Co.*, 56 AD2d 536).

MURPHY, P. J., ROSS and ELLERIN, JJ., concur.

Judgment, Supreme Court, New York County, entered on June 28, 1989, unanimously reversed, on the law, with costs and disbursements, the motion to stay arbitration denied and the cross motion to compel arbitration granted; and the appeal from an order of said court entered on or about June 28, 1989, is unanimously dismissed, without costs.