■ In the Matter of NEW YORK CITY TRANSIT AUTHORITY,

Respondent, v TRANSPORT WORKERS UNION OF AMERICA, LOCAL 100, AFL-CIO, et al., Appellants.—In a proceeding pursuant to CPLR article 75 to permanently stay arbitration, the appeal is from a judgment of the Supreme Court, Kings County (Hutcherson, J.), dated February 5, 1990, which granted the application.

Ordered that the judgment is affirmed, with costs.

Robyn Sewer was employed as a cleaner by the New York City Transit Authority (hereinafter the Transit Authority). Her probationary term, originally scheduled to terminate December 12, 1988, was extended six months as a result of her poor attendance record. On or about February 6, 1989, Sewer was granted a maternity leave of absence for a period of approximately 99 days. After she returned to work, she was absent from work for four days due to illness, and for an additional three days without official leave. In accordance with the rules and regulations of the City Director of Personnel, Sewer's probationary period was extended by the period of her absence (see, Matter of Dawson v New York City Tr. Auth., 115 AD2d 477).

The Transit Authority terminated Sewer's employment without a hearing on September 25, 1989 due to poor attendance. She brought a grievance pursuant to the collective bargaining agreement in effect between the Transit Authority and the Transport Workers Union of America, Local 100, AFL-CIO (hereinafter the Union). Sewer's grievance was denied because she was a probationary employee. The Union and Sewer then sought to arbitrate her grievance pursuant to their collective bargaining agreement, seeking to have the arbitrator determine whether Sewer was a permanent employee and therefore entitled to a hearing before her dismissal. In response, the Transit Authority commenced the instant proceeding to permanently stay arbitration.

Pursuant to CPLR 7503, a court must first determine whether the parties have entered into a valid arbitration agreement and, if so, whether the issue sought to be submitted to arbitration falls within the scope of that agreement (Matter of County of Rockland [Primiano Constr. Co.], 51 NY2d 1, 7; Schenkers Intl. Forwarders v Meyer, 164 AD2d 541). Where the arbitration clause is limited in scope, claims outside that scope are not deemed arbitrable (see, Matter of County of Rockland [Primiano Constr. Co.], supra; Matter of State Farm Mut. Ins. Co. v Donath, 164 AD2d 889, 890). Sewer's grievance was designated a "Contract Interpretation Grievance", which is

defined in the Collective Bargaining Agreement, *inter alia,* as "a complaint on the part of any covered employee * * * that there has been on the part of Management, noncompliance with * * * any of the provisions of this Agreement". Expressly excluded, however, is "any claim subject to the Disciplinary Grievance Procedure". The Collective Bargaining Agreement further provides that in making a determination the arbitrator is "strictly limited to the interpretation and application of the provisions of [the Collective Bargaining Agreement]". The issue of whether Sewer was a probationary or a permanent employee is automatically determined "[i]n accordance with the rules of the New York City Personnel Director" *(Matter of Dawson v New York City Tr. Auth., supra,* at 477). Her status is a question that did not fall within the scope of the definition of a Contract Interpretation Grievance as set forth in the Collective Bargaining Agreement, and was not a proper matter for the arbitrator to decide. In determining the application to stay arbitration, the trial court properly determined that Sewer was a probationary employee. Further, we disagree with the appellants' contention that the Transit Authority waived its right to seek to stay the arbitration *(see, Matter of Town of Mamaroneck v Byron Elec. Co.,* 148 AD2d 458). Eiber, J. P., Rosenblatt, O'Brien and Ritter, JJ., concur.