■ COUNTY OF ONONDAGA, Plaintiff, v U.S. SPRINT COMMUNICATIONS COMPANY (Fictitious Name in New York) et al., Defendants and Third-Party Plaintiffs-Respondents. MICHELS PIPE LINE CONSTRUCTION, INC., et al., Third-Party Defendant-Respondent; FINLEY ENGINEERING COMPANY, Third-Party Defendant-Appellant. [596 NYS2d 223] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: In 1985 defendant U.S. Sprint Communications (Sprint) entered into two agreements with third-party defendant Finley Engineering Company (Finley) providing that Finley would perform route design and engineering for approximately 252 miles of fiber-optic cable to be installed between Rochester and Albany. Both agreements provide that "all claims and disputes" arising out of or relating to their contracts "shall be settled by arbitration." An identical provision is contained in Sprint's agreement with Michels Pipe Line Construction, Inc. (Michels), the general contractor for the fiber-optic cable installation project.

After the project was complete, the County of Onondaga instituted an action against Sprint for damages to a County sewer line allegedly caused during the installation of the fiber-optic cable. Sprint commenced a third-party action against both Finley and Michels, seeking contractual and common-law indemnification and contribution. Michels asserted a cross claim against Finley for contribution or common-law indemnification. Finley then sought an order pursuant to CPLR 7503 staying further proceedings against it and directing that all claims against it be settled by arbitration. Supreme Court denied the application.

The court erred in denying Finley's motion to compel arbitration of Sprint's claims against it. The broad language of the arbitration clauses in the agreements between Sprint and Finley clearly expresses the parties' intention "that *all* controversies, including the present one, should be settled by arbitration" *(Matter of River Brand Rice Mills v Latrobe Brewing Co.,* 305 NY 36, 41; *see also, Inryco, Inc. v Parsons & Whittemore Contrs. Corp.,* 55 NY2d 666, 667; *Schenkers Intl. Forwarders v Meyer,* 164 AD2d 541, 543, *lv denied* 78 NY2d 852).

We reject Sprint's contention that the indemnification provisions in the agreements express an intention to exclude the third-party claims from the scope of arbitration. The parties agreed that all claims, disputes and controversies would be subject to arbitration, without in any way excluding Sprint's claims under the indemnification clauses (see, 5 NY Jur 2d, Arbitration and Award, § 45).

We reach a different conclusion with respect to Finley's motion to compel arbitration of Michels' claims against it, based upon the arbitration agreement between Michels and Sprint. Generally, the right to compel arbitration does not extend to a nonparty unless the agreement itself so provides (see, Matter of Waldron [Goddess], 61 NY2d 181, 185; Matter of Calvin Klein Co. [Minnetonka, Inc.], 88 AD2d 503, 504; Matter of National Bank [Haar-Levy], 74 AD2d 849). Further, nothing in the agreement suggests that Michels and Sprint intended to benefit Finley or contemplated that Finley would rely on their agreement to arbitrate (see, Fourth Ocean Putnam Corp. v Interstate Wrecking Co., 66 NY2d 38, 46). At most, Finley is a mere incidental beneficiary of the contract between Michels and Sprint (see, Port Chester Elec. Constr. Corp. v Atlas, 40 NY2d 652, 655-656; Arrow Louver & Damper Div. v New York City Tr. Auth., 106 AD2d 533, 534). Michels' agreement to arbitrate its disputes with Sprint does not bind it to arbitrate its claims against Finley.

We modify, therefore, by granting Finley's motion insofar as it sought to compel arbitration of Sprint's claims against it and affirm that part of the order denying Finley's motion to compel arbitration of Michels' claims against it. (Appeal from Order of Supreme Court, Onondaga County, Hayes, J.—Arbitration.) Present—Callahan, J. P., Green, Fallon, Boomer and Boehm, JJ.