■ BALLON STOLL BADER & NADLER, P. C., Appellant, v ALBERT M. KAUFMAN, Respondent. [619 NYS2d 32] —Order, Supreme Court, New York County (Edith Miller, J.), entered May 4, 1994, which, *inter alia,* granted defendant Kaufman's motion to compel arbitration, unanimously affirmed, with costs.

The IAS Court properly concluded that the matter should proceed to arbitration. It is not disputed that the partners of plaintiff's predecessor-in-interest agreed to a broad arbitration clause in a 1990 agreement, and it is clear that the parties' dispute arose before the December 31, 1993 expiration date of that agreement. The record suggests that plaintiff's shareholders treated the 1990 agreement as "continuing in force" after the law firm changed from a partnership to a corporation in 1992, thereby demonstrating their intention to be governed by the original arbitration clause *(Matter of Vann [Kreindler, Relkin & Goldberg],* 54 NY2d 936, 938, *affg* 78 AD2d 255).

In its original complaint in this action, plaintiff clearly stated that after the time of incorporation, the shareholders "did in fact always govern themselves * * * pursuant to said terms and conditions of the [1990 agreement]"; plaintiff's later attempt to explain this statement as referring only to certain valuation clauses in the agreement is unpersuasive. In any event, since it cannot be said as a matter of law that the 1990 agreement had terminated upon incorporation of the firm, the issue is for the arbitrator to determine *(Schenkers Intl. Forwarders v Meyer,* 164 AD2d 541, 544, *lv denied* 78 NY2d 852). Concur—Ellerin, J. P., Wallach, Ross and Williams, JJ.