■ NAMS INTERNATIONAL, INC., Appellant, v SPECTRA.NET COMMUNICATIONS, INC. et al., Respondents. [680 NYS2d 738] —Yes-

awich Jr., J. Appeal from an order of the Supreme Court (Monserrate, J.), entered May 15, 1998 in Broome County, which, *inter alia*, granted defendants' motion pursuant to CPLR 7503 to compel arbitration between the parties.

Plaintiff charges defendants, a rival corporation and two of its employees, with wrongfully misappropriating plaintiff's proprietary information and trade secrets, in violation of several nondisclosure and confidentiality agreements entered into by the two corporations in the course of discussions and negotiations regarding certain joint ventures. Defendants moved to compel arbitration, relying on an arbitration clause contained in the corporations' "Strategic Marketing Agreement" executed on January 15, 1997 (hereinafter the SMA), and a similar clause included in one of two nondisclosure agreements they executed on April 17, 1997. Supreme Court granted defendants' motion, prompting this appeal.

Were it not for the two April 17, 1997 confidentiality agreements—one prepared by the corporate defendant, providing for arbitration, and the other prepared by plaintiff and containing no such provision—there would be little doubt that the instant claims must be resolved through arbitration, pursuant to the terms of the SMA. That contract, which requires that "[a]ny controversy or claim" arising therefrom, or relating thereto (with an exception not applicable here), "be settled by arbitration", also contains a broad confidentiality provision, by which each party expressly agreed "that all information furnished to it by the other party and identified as being proprietary or confidential * * * is to be treated in a confidential manner", and "may only be used by the receiving party for the purpose contemplated herein". Inasmuch as the complaint charges defendants with misappropriating and misusing plaintiff's proprietary information, and more specifically, with breaching the parties' "contractual agreements not to use the plaintiff's trade secrets and other confidential information" acquired during the parties' "marketing alliance"—the very relationship defined and memorialized by the SMA—its claims inarguably bear a "reasonable relationship" to the subject matter of that contract (*see, Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co.*, 37 NY2d 91, 96).

That being so, plaintiff's claims are to be arbitrated unless the parties' execution, on April 17, 1997, of plaintiff's "Mutual Confidentiality and Non-Disclosure Agreement", which does not provide for arbitration, terminated their obligation to arbitrate the instant dispute (*cf., Matter of Primex Intl. Corp. v Wal-Mart Stores*, 89 NY2d 594, 599). We conclude that it did

not. Significantly, that agreement contains no exclusivity or merger clause, nor does it otherwise manifest an intent to terminate, revoke or supersede any portion of the SMA (*cf.*, *id.*, at 601).

Moreover, even if, as plaintiff suggests, those portions of the complaint relating to information divulged on and after April 17, 1997 could be viewed as being beyond the scope of the confidentiality provisions of the SMA (*but see, Inryco, Inc. v Parsons & Whittemore Contrs. Corp.*, 55 NY2d 666, 667), those claims would still be arbitrable, pursuant to the terms of the broad "Confidentiality and Non Circumvention Agreement" prepared by defendant Spectra.Net Corporation, and purportedly executed immediately prior to plaintiff's agreement on April 17, 1997. Spectra.Net's agreement, which requires the arbitration of any disputes arising thereunder, and by its plain terms imposes restrictions upon the use and disclosure of any proprietary information imparted by either party during their subsequent negotiations, was likewise neither expressly nor impliedly superseded or revoked by plaintiff's agreement of the same date. Hence, defendants' motion to compel arbitration was properly granted.

Cardona, P. J., Mikoll, Crew III and White, JJ., concur. Ordered that the order is affirmed, with costs.