■ VITALS986, INC., et al., Appellants, v HEALTHWAVE, INC., Respondent. [789 NYS2d 685]—

In an action, inter alia, to recover damages for breach of a license, the plaintiffs appeal from so much of an order of the Supreme Court, Rockland County (Nelson, J.), dated September 27, 2003, as granted those branches of the defendant's motion which were to stay the action and compel arbitration, and to vacate a temporary restraining order.

Ordered that the order is affirmed insofar as appealed from, with costs.

There is no dispute that the parties entered into a valid license on May 10, 2001, providing, inter alia, that "[a]ny controversy or claim arising from or relating to this Agreement or the breach thereof . . . shall be settled by arbitration." The plaintiffs' claims, as alleged in the complaint, all arise from or relate to the license and therefore, are within the scope of this broad arbitration clause (*see Matter of Macy & Co. [National Sleep Prods.],* 39 NY2d 268 [1976]; *Matter of Exercycle Corp. [Maratta],* 9 NY2d 329 [1961]). The license contained a confidentiality provision and also incorporated by reference a prior confidentiality agreement executed by the parties on March 22, 2001, which did not contain an arbitration clause.

Contrary to the plaintiffs' contention, as the complaint claims that the defendant, after executing the license, misappropriated their proprietary and confidential patient information, those claims bear a "reasonable relationship" to the subject matter of the license and therefore, are subject to its arbitration clause (*see Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co. of Am.*, 37 NY2d 91 [1975]; *NAMS Intl. v Spectra.Net Communications*, 255 AD2d 758 [1998]; *Longabardi v Gherardi*, 148 AD2d 682 [1989]). While there are factual issues as to whether the license was subsequently cancelled by mutual oral agreement and superseded by a new agreement excluding an arbitration clause, such issues are properly determined by the arbitrator (*see Matter of Nassau Ins. Co. v McMorris*, 41 NY2d 701 [1977]; *Matter of Lipman [Haeuser Shellac Co.]*, 289 NY 76 [1942]; *Matter of Oshman, Helfenstein & Matza v Matza*, 243 AD2d 398 [1997]; *see also Inryco, Inc. v Parsons & Whittemore Contrs. Corp.*, 55 NY2d 666 [1981]; *Matter of Schlaifer v Sedlow*, 51 NY2d 181 [1980]; *cf. Matter of Primex Intl. Corp. v Wal-Mart Stores*, 89 NY2d 594 [1997]). Accordingly, the Supreme Court properly directed the parties to proceed to arbitration and stayed the present action (*see Dazco Heating & A.C. Corp. v C.B.C. Indus.*, 225 AD2d 578 [1996]; *Matter of Ehrlich v Stein*, 143 AD2d 908 [1988]). Krausman, J.P., Mastro, Rivera and Skelos, JJ., concur.