Filed 6/20/13  Reicker v. Merrill Lynch et al. CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| DANIEL A. REICKER,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MERRILL LYNCH PIERCE, FENNER & SMITH, INCORPORATED et al.,<br><br>    Defendants and Appellants. | 2d Civil No. B244285<br>(Super. Ct. No. 1374101)<br>(Santa Barbara County) |

Appellants, Merrill Lynch Pierce, Fenner & Smith Incorporated, Bank of America Investment Services, Inc., and Charles Chester, appeal from an order denying their renewed motion to arbitrate a fraud action involving the sale of a "vanishing premium" life insurance policy.  (Code Civ. Proc., §§ 1008, subd. (b); 1294.)  We affirm.[1] (*Cronus Investments, Inc. v. Concierge Services* (2005) 35 Cal.4th 376, 393-394.)

---

[1] There is a split of authority on whether orders denying reconsideration are appealable. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140, fn 5; see e.g., *Freeman v. State Farm Mut. Auto Ins. Co.* (1975) 14 Cal.3d 473, 477, fn. 2 [order denying reconsideration appealable because motion "was made in part upon new grounds."]  Because the trial court had the inherent authority to reconsider the motion to compel arbitration (*LE Francois v. Goel* (2005) 35 Cal.4th 1094, 1096-1097)*,* the order denying appellants' renewal motion is appealable.

*Facts*

In 1987, Michael Muench and his wife Diane Muench purchased a "vanishing premium" life insurance policy for the Muench Irrevocable Life Insurance Trust. Appellants (the broker defendants) sold the policy as an estate planning device and said they would monitor the policy and notify the trust if anything affecting the policy required action. The policy was issued by Manulife Financial and its successors, Manufacturers Life Insurance Company and John Hancock Life Insurance Company (collectively Manulife).

On February 23, 2011, Daniel A. Reicker, trustee of the Muench Irrevocable Life Insurance Trust, sued Manulife and appellants for misrepresentation, concealment, breach of fiduciary duty, and unfair business practices. The first amended complaint states that defendants falsely represented that the life insurance policy required a single premium at time of purchase and subsequent premiums would be paid from dividends credited to the policy or from loans against the policy. After the policy was sold, Manulife falsely represented that the policy was performing in accordance with the original projections. It is alleged that Manulife and appellants failed to disclose that the policy would lapse in eight to nine years unless cash premiums totaling hundreds of thousands of dollars were paid to keep the policy afloat. .

*Motion to Compel Arbitration*

Appellants moved to compel arbitration based on a Merrill Lynch Client Relationship Agreement to arbitrate "all controversies that may arise between us. . . ." Reicker was a signator to the agreement but not Manulife. On June 22, 2011, the trial court denied the motion to compel arbitration on the ground that Manulife was not a party to the arbitration agreement and there was a strong possibility that arbitration would result in conflicting rulings on common issues of law. (Code Civil Proc., § 1281.2, subd. (c).)[2]

_____

[2] All statutory references are to the Code of Civil Procedure unless otherwise stated. Section 1281.2, subdivision (c) provides that a trial court may deny a petition to compel arbitration where: "A party to the arbitration agreement is also a party to a pending court

2

*Federal Injunction*

The trial court stayed the state court proceedings until a federal court ruled on Manulife's motion to enforce a class action settlement.  (*Manufacturers Life Insurance Company Premium Litigation* (United States Dist. Ct., Southern District of Cal., Case No. 96-CV-230 BTM-AJB).   In the federal action, Manulife was sued for falsely marketing self-sustaining, "vanishing premium" life insurance policies.  After the federal action settled in 1998, Manulife claimed the class action settlement barred Reicker's state action.

On April 3, 2012, the federal court enjoined Reicker from suing Manulife for false representations made prior to December 21, 1998.  The order states that Reicker "is enjoined from proceeding against [Manulife] in California state court on any claims based upon misrepresentations, made prior to the entry of the Final Judgment, regarding the policies and practices enumerated in the Final Judgment.  [Reicker] may proceed with the remainder of its claims that were not released as part of the Class Settlement."

*Renewed Motion to Compel Arbitration*

On June 28, 2012, appellants renewed their motion to compel arbitration in state court.  (§§ 1008, subd. (b); 1281.2.)  The trial court denied the motion on the ground that the 2011 order denying arbitration was a final order and the time to appeal had expired.  The court concluded that "[s]ection 1008 may be invoked only if the order as to which reconsideration is sought is an interim order, not a final order."

As we shall explain, the trial court was right for the wrong reason.  (See e.g., *Schabarum v. California Legislature* (1998) 60 Cal.App.4th 1205, 1216 [" 'a ruling or decision correct in law will not be disturbed on appeal merely because it was given for the wrong reason' "].)  Section 1008 prohibits a party from making a renewed motion when the party lacks new facts or law. (*La Francois v. Goel, supra,* 35 Cal.4th at p. 1096.)  A trial court does, however, have the inherent authority to reconsider its own interim orders prior to entry of final judgment.  (*Id.*, at pp. 1096-1097.)

action or special proceeding with a third party, arising out of the same transaction or series of related transactions and there is a possibility of conflicting rulings on a common issue of law or fact."

Citing *Phillips v. Sprint PCS* (2012) 209 Cal.App.4th 758, appellants argue that a renewed motion may be brought regardless of whether prior order denying arbitration is interim or final. (*Id.*, at p. 768.) "And, '[i]f a court at any time determines that there has been a change of law that warrants it to reconsider a prior order it entered, it may do so on its own motion and enter a different order.' [Citation.]" (*Ibid*.) Appellants, however, have not shown a change of law or new or different facts or circumstances. (§ 1008, subd. (b); *Lucas v. Santa Maria Public Airport Dist.* (1995) 39 Cal.App.4th 1017, 10127-1208.

*Change of Law*

The renewed motion to arbitrate is based on *KPMG LLP v. Cocchi* (2011) __ U.S. __ [181 L.Ed.2d 323] (*KPMG*), which holds that arbitration agreements that are governed by the Federal Arbitration Act (FAA; 9 U.S.C. § 1) must be enforced by state and federal courts. Citing *Dean Witter Reynolds Inc. v. Byrd* (1985) 470 U.S. 213 [84 L.Ed.2d 158], the *KPMG* court held: "[W] hen a complaint contains both arbitrable and nonarbitrable claims, the Act requires courts to 'compel arbitration of pendent arbitrable claims when one of the parties files a motion to compel, even where the result would be possibly inefficient maintenance of separate proceedings in different forums.' [Citation.]" (*KPMG, supra,* __ U.S. at p. __ [181 L.Ed.2d at p. 327].)

*KPMG* summarizes existing FAA law. It is not, however, "new law" with respect to this case. (See e.g., *Oritz v. Schulman* (2005) 133 Cal.App.4th 830, 848 [Ninth Circuit decision relying on earlier FAA decisions not "new law" justifying reconsideration].) Where there are arbitrable and nonarbitrable claims, the trial court " '*shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.' [Citation.]" (*KPMG, supra,* __ U.S. at p. __ [181 L.Ed.2d at p. 327].) The word "parties" refers to signators to the arbitration agreement.

Manulife is not a party or signator to the Merrill Lynch Client Relationship Agreement. "[T]he first principal that underscores all of the Supreme Court's arbitration decisions is that '[a]rbitration is strictly a matter of consent, and thus is a way to resolve those disputes - *but only those disputes* - that the parties have agreed to submit to

4

arbitration.' [Citation.]" (*Dialysis Access Center, LLC v. RMS Lifeline, Inc.* (1st Cir. 2011) 638 F.3d 367, 376.)

Under the FAA, arbitration is a matter of contract and is governed by state law principles regarding contract formation. (*Arthur Anderson LLP v. Carlisle* (2009) 556 U.S. 624, 630-631 [173 L.Ed.2d 832, 839-840].) In California, only parties to an arbitration contract may be compelled to arbitrate. (*County of Contra Costa v. Kaiser Foundation Health Plan, Inc.*(1996) 47 Cal.App.4th 237, 244-245.) "There is no public policy favoring arbitration of disputes which the parties have not agreed to arbitrate. [Citation.]" (*Engineers & Architects Assn. v. Community Development Dept.* (1994) 30 Cal.App.4th 644, 653.)

The rule is the same under New York law, notwithstanding the argument that the Merrill Lynch Client Relationship Agreement has a New York choice of law provision.[3] (*County of Onondaga v. U.S. Sprint Communications Co.* (1993) 596 N.Y.S.2d 223, 224; *Republic of Iraq v. ABB AG* (S.D.N.Y. 2011) 769 F.Supp.2d 605, 610.) "The point is that, while federal policy favors arbitration generally, . . . the obligation to arbitrate nevertheless remains a creature of contract [citation]." (*Motorola Credit Corp. v. Uzan* (S.D.N.Y. 2003) 274 F.Supp.2d 481, 504.)

*Change of Circumstances*

Appellants argue that the federal injunction narrows Reicker's claims, making it unlikely that arbitration would result in conflicting rulings on common issues of law. The federal court enjoined Reicker from suing Manulife for false representations made prior to December 21, 1998, but that is not a new circumstance warranting a renewed motion for arbitration. (§ 1008, subd. (b).) The complaint and first amended complaint allege that Manulife committed fraudulent acts and omissions after 1998 by reporting that the policy was performing as projected. Manulife fraudulently represented

---

[3] Appellants' motion to compel arbitration was based on the California Arbitration Act (i.e., § 1281.2), not New York law. The renewed motion to arbitration is also based on California law and fails to cite New York statutory or case authority.

that the insurance amount was increasing each year, that the $5 million net death benefit had not changed, and that the cash surrender value of the policy had increased.  Manulife failed to disclose that the policy would lapse unless substantial cash premiums totaling hundreds of thousands of dollars were invested in the policy.

These allegations involve common issues of law and fact because appellant Charles Chester (the Merrill Lynch broker who sold the policy) made similar statements after the class action settlement.  The first amended complaint states that Chester failed to inform Reicker that the policy was not performing as projected and failed to disclose that the cash value of the policy and net death benefit had dropped in value.  Appellants allegedly failed to advise Reicker of the class action settlement and falsely told Reicker that a Manulife dividend check issued after the demutualization of Manulife had nothing to do with the policy.  Appellants and Manulife allegedly concealed that the policy loans exceeded the policy's borrowing capacity and that the policy would lapse in the near future unless hundreds of thousands of dollars were invested in the policy.

*Conclusion*

We reject the argument that the federal injunction constitutes new facts or circumstances to warrant reconsideration of the motion to compel arbitration.  (§ 1008, subd. (a); *Le Francois v. Goel, supra,* 35 Cal.4th at p. 1096.)  Nor have appellants have demonstrated that the trial court would have ordered arbitration had had it reached the merits of the renewed motion.  (See e.g., *Robbins v. Los Angeles Unified School Dist.* (1992) 3 Cal.App.4th 313, 318.)

*KPMG* is a red herring because the FAA does not preempt the application of section 1281.2, subdivision (c) where an action is brought against nonsignators or parties not bound the arbitration agreement.  "Section 1281.2(c) addresses the peculiar situation that arises when a controversy also affects claims by or against other parties not bound by the arbitration agreement.  The California provision giving the court discretion not to enforce the arbitration agreement under such circumstances -- in order to avoid potential inconsistency in outcome as well as duplication of effort -- does not contravene the letter or sprit of the FAA.  That was the explicit holding in *Volt* [*InfoSciences, Inc v.*

6

*Leland Stanford Jr. U.* (1989) 489 U.S. 468 [103 L.Ed.2d 488]]. . . ."  (*Cronus Investments, Inc.v.  Concierge Services, supra,* 35 Cal.4th at p. 393; see *Acquire II, Ltd. v. Colton Real Estate Group* (2013) 213 Cal.App.4th 959, 967-968 [FAA did not bar the trial court from relying on section 1281.2 subd. (c) to deny motions to compel arbitration].)  (*Mastick v. TD Ameritrade, Inc.* (2012) 209 Cal.App.4th 1258, 1264 [FAA does not preempt application of section 1281.2, subdivision ©, where parties agreed to be governed by California law.

The judgment (order denying renewed motion to compel arbitration) is affirmed.  Reicker is awarded costs on appeal.

NOT TO BE PUBLISHED.


                                         YEGAN, J.

We concur:


        GILBERT, P.J.


        PERREN, J.


7

Donna GH. Geck, Judge

Superior Court County of Santa Barbara

_____


Crowe & Dunlevy; Tara A. LaClair and Charles B.Goodwin.  Arnold & Porter; Laurence J. Hutt and Eric D. Mason, for Appellants.


Eric A. Woosley, Jordan T. Porter, Law Offices of Woosley & Porter, for Respondent.