# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

750

CA 14-01337

PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, AND WHALEN, JJ.

---

TOWN OF AMHERST, PLAINTIFF-RESPONDENT,

V                                          MEMORANDUM AND ORDER

GRANITE STATE INSURANCE COMPANY, INC.,
DEFENDANT-APPELLANT.

---

KAUFMAN DOLOWICH & VOLUCK, LLP, NEW YORK CITY (MARC S. VOSES OF
COUNSEL), FOR DEFENDANT-APPELLANT.

PHILLIPS LYTLE LLP, BUFFALO (JOHN G. SCHMIDT, JR., OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered May 16, 2014.  The order denied the motion of defendant to compel arbitration and granted the cross motion of plaintiff for a permanent stay of arbitration.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting defendant's motion to compel arbitration except insofar as it concerns defendant's counterclaim for equitable subrogation and denying plaintiff's cross motion to stay arbitration except insofar as it concerns that counterclaim and as modified the order is affirmed without costs.

Memorandum:  Plaintiff, the Town of Amherst (Town), was insured under a special excess liability policy (Policy) issued by defendant, Granite State Insurance Company, Inc. (Granite State).  Following a personal injury action in which the plaintiff was awarded a judgment in excess of $23 million, Granite State contributed the policy limit of $10 million toward satisfaction of that judgment (*see Town of Amherst v Hilger*, 106 AD3d 120, 122).  Ultimately, a third party was ordered to indemnify the Town "for all amounts the Town paid" pursuant to that judgment (*id.* at 123).

The third party and its insurer settled the indemnification claims and agreed to pay the Town and Granite State $31 million, which represented the amount of the judgment plus postjudgment interest. The Town and Granite State dispute whether Granite State is entitled to recover any of the postjudgment interest under either the Policy's subrogation clause or principles of equitable subrogation.

The Policy contained an arbitration clause requiring the parties to arbitrate any "disagreement as to the interpretation of [the]

Policy."  In August 2013, the parties entered into a handwritten agreement in which they "agree[d] to litigate the issue of the ownership" of the challenged amount of interest.  Believing that the agreement constituted a waiver of the Policy's arbitration clause, the Town commenced this action in Supreme Court.  Granite State, however, served the Town with a demand for arbitration based on Granite State's belief that the agreement did not waive or modify the arbitration clause of the Policy.

Granite State thereafter moved to compel arbitration, and the Town cross-moved for a permanent stay of arbitration.  We conclude that the court erred in denying that part of Granite State's motion insofar as it sought to determine its subrogation rights under the Policy and in granting the Town's cross motion insofar as it sought to stay arbitration on that issue.  We therefore modify the order accordingly.

"Once the parties to a broad arbitration clause have made a valid choice of forum, as here, all questions with respect to the validity and effect of subsequent documents purporting to work a modification or termination of the substantive provisions of their original agreement are to be resolved by the arbitrator" (*Matter of Schlaifer v Sedlow*, 51 NY2d 181, 185; *see Matter of Nassau Ins. Co. v McMorris*, 41 NY2d 701, 702-703; *Matter of Lipman [Haeuser Shellac Co.]*, 289 NY 76, 79-80, *rearg denied* 289 NY 647; *see also Vitals986, Inc. v Healthwave, Inc.*, 15 AD3d 571, 572).  This is not a situation in which the parties engaged in litigation to such an extent that they "manifested a preference 'clearly inconsistent with [a] later claim that the parties were obligated to settle their differences by arbitration' " (*Sherrill v Grayco Bldrs.*, 64 NY2d 261, 272, quoting *Matter of Zimmerman [Cohen]*, 236 NY 15, 19; *see Les Constructions Beauce-Atlas v Tocci Bldg. Corp. of N.Y.*, 294 AD2d 409, 409-410).  Nor is this a situation in which the entire contract containing the arbitration provision has been cancelled or terminated, such that "the designation of the arbitration forum for the resolution of disputes is no longer binding upon the parties" (*Bryan v Newman*, 237 AD2d 207, 207; *see Matter of Minkin [Halperin]*, 279 App Div 226, 227-228, *affd* 304 NY 617).  We thus conclude that the determination of the arbitrability of the parties' claims under the Policy should be made by an arbitrator.

We note, however, that Granite State's counterclaim for equitable subrogation is not a claim based on any "disagreement as to the interpretation of [the] Policy" and, therefore, is not subject to arbitration.

We reject the Town's contention that the demand for arbitration, which was served by Federal Express, is jurisdictionally defective.  Although we have previously held that service of a demand for arbitration by Federal Express was jurisdictionally defective because "Federal Express mail is not one of the permitted methods of service set forth in CPLR 7503 (c)" (*Matter of New York Cent. Mut. Fire Ins. Co. v Czumaj*, 9 AD3d 833, 834), we conclude that such service was proper in this case inasmuch as the provisions of CPLR 7503 (c) do not apply.  Here, the parties had expressly agreed to be bound by the

procedural rules of the American Arbitration Association, which permits such service, and thus "New York law, which requires notice by registered mail or personal service, is inapplicable" (*Smith v Positive Prods.*, 419 F Supp 2d 437, 446; *see Volt Info. Sciences, Inc. v Board of Trustees of Leland Stanford Jr. Univ.*, 489 US 468, 479; *Matter of New York Merchants Protective Co. v Mima's Kitchen, Inc.*, 114 AD3d 796, 797).

Entered:  June 19, 2015                                    Frances E. Cafarell
                                                           Clerk of the Court